ROBERTSON
  vs
CLARKSON.

---

CASE.

*Case* 118.

## Robertson *vs* Clarkson,

ERROR TO THE MEADE CIRCUIT.

*Fraud.*

*September* 18.

Case stated.

If a demurrer to a declaration be general, and

JUDGE GRAHAM delivered the opinion of the Court.

THIS is an action of trespass on the case. The declaration contains two counts. The defendant filed his demurrer to the whole declaration. The Court sustained the demurrer as to the first count, and overruled it as to the second. If either count was sufficient to main-

tain the action, the demurrer should have been over-
ruled as to both,· because it was applied to the whole
declaration, and not to one or more counts severally.

The proof clearly shows that, when the parties ex-
changed horses, the eyes of the defendant's horse were
badly diseased, and that shortly afterwards he became
blind. For several previous months, they had been in
that diseased condition. The defect was so visible, that
any ordinary observer could have discovered it, by a
very slight inspection. The plaintiff did observe and
object to it, and if the proof had stopped at that point,
he would have had no just cause of complaint. Had
he purchased under such circumstances, although guilty
of egregious folly, he would be required to abide by the
loss. The defendant, however, represented that the
soreness of the horse's eye, was caused by the stroke
of a switch, inflicted, say from four to six weeks before
that time, and that the eye was then fast getting well.
Honesty, fair dealing and truthful representations, ought
always to accompany the transactions of men. To en-
courage fraud, or to permit it to pass without rebuke,
would tend to destroy that confidence between men, so
necessary to the well-being of society. The exchange
took place about the last of October. It is proved by
some half dozen witnesses, that at various times be-
tween March or April and October, each witness had
made some remark upon the condition of the horse's
eye, and that to each witness the defendant invariably
told, in substance, the same tale, that the horse had
been hurt in the eye with a switch, but a few weeks be-
fore the time of the several conversations. There is no
proof that at any time he had been so hurt; but if he
had received the injury in March or April, then it could
not have been true that it occurred but a few weeks be-
fore the trade; nor was it true, that he was then fast
getting well. It cannot reasonably be doubted, that
these false representations as to the cause of the sore-
ness of the horse's eye, the time when the injury oc-
curred, and the prospect of speedy recovery, induced
the plaintiff to make a purchase, which no man of or-
dinary understanding, apprised of the truth of the case,

ROBERTSON
*vs*
CLARKSON.

there be any
good count, the
demurrer should
be overruled.

Though a defect
in property sold
or exchanged, be
visible to any or-
dinary observer,
yet if the vendor
misrepresent the
character and
cause of that de-
fect. which de-
ceives the ven-
dee, the vendor
is responsible for
the injury.

would have done. The jury must have misunderstood the law of the case. A new trial ought to have been granted.

Therefore, the judgment of the Court below is reversed, and the cause remanded, with directions to that Court to set aside the verdict, and grant a new trial to the plaintiff.

*Walker, Morehead & Reed* for defendant.